FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ NOV 04 2010
P.M.
TIME A.M.

C/M

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

BROTHER DWIGHT S.B. DUNAWAY EL BEY
(SPC),
                Plaintiff,

      -against-

WARDEN OBCC, RIKERS ISLAND;
NYS EXECUTIVE PAROLE DEPT.;
NYC POLICE DEPT.; NYC COMMISSION OF
POLICE; NYC DOC/TRANSPORTATION
DIVISION; NYS STATE COURT OFFICERS;
NYC BOARD OF CORRECTIONS;
CRIMINAL JUSTICE SERVICES;
KINGS COUNTY NEW YORK;
ANDREW CUOMO, AG NEW YORK; and
CHARLES HYNES, KINGS COUNTY DA,

                Defendants.
----------------------------------------X

**MEMORANDUM AND ORDER**

10-CV-4697 (BMC)

**COGAN**, District Judge.

    Plaintiff, currently incarcerated at the Otis Bantum Correctional Center ("OBCC") at Rikers Island, brings this *pro se* action pursuant to 42 U.S.C. § 1983. Plaintiff's request to proceed *in forma pauperis* is granted pursuant to 28 U.S.C. § 1915. For the reasons discussed below, plaintiff's complaint is dismissed. However, plaintiff is granted 30 days to submit an amended complaint.

## BACKGROUND

    Plaintiff alleges that on November 18, 2009, he attended a scheduled meeting with his parole officer where he "was immediately seized – unlawfully – without notice and opportunity –

1

by several 'officers' at gunpoint, assaulted, handcuffed and forced to be secluded to the back offices." Compl. at 3(D). Thereafter, plaintiff alleges that he was transported to the 73rd Police Precinct where he was assaulted and subsequently charged with kidnapping, robbery, and other charges. Plaintiff seeks, *inter alia*, a permanent injunction enjoining the Kings County District Attorney's Office from prosecuting him, an order releasing him from prison, and monetary damages in the amount of five hundred million dollars.

## STANDARD OF REVIEW

Under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Upon review, a district court shall dismiss a prisoner's complaint *sua sponte* if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); see Liner v. Goord, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (noting that under the Prison Litigation Reform Act, *sua sponte* dismissal of frivolous prisoner complaints is not only permitted, but mandatory). The Court construes plaintiff's *pro se* pleadings liberally, particularly because they allege civil rights violations. See Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197 (2007); Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191 (2d Cir. 2008).

## DISCUSSION

This Court liberally construes plaintiff's complaint as stating claims for false arrest and excessive force under 42 U.S.C. § 1983. However, to the extent that plaintiff is seeking this Court's intervention in his ongoing criminal proceeding, such relief is denied. See Younger v.

2

Harris, 401 U.S. 37, 91 S. Ct. 746 (1971).[1]

In order to maintain a §1983 action, a plaintiff must allege two essential elements: "(1) the conduct complained of must have been committed by a person acting under color of state law; and (2) the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994) (citation omitted).

### A.     New York City Agencies

Plaintiff cannot pursue a claim against the New York City Police Department, the New York City Department of Corrections – Transportation Division, and the New York City Board of Corrections.[2] The New York City Charter provides that "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the City of New York and not in that of any agency, except where otherwise provided by law." N.Y.C. Admin. Code & Charter Ch. 16 § 396. Therefore, the New York City Police Department, as an agency of the City, is a non-suable entity. See, e.g., Jenkins v. City of New York, 478 F.3d 76, 93 n.19 (2d Cir. 2007) (New York City Police Department is a non-suable agency of the City).

Moreover, the New York City Department of Corrections, and the New York City Board of Corrections are non-suable entities. See Green v. City of New York Dep't of Corr., No. 06 Civ. 4978, 2008 WL 2485402, at *4 (S.D.N.Y. June 19, 2008) (dismissing the New York City Department of Corrections as a defendant because it is a non-suable entity); Colon-Rodriguez v. New York City Dep't of Corr., No. 07-cv-8126, 2009 WL 995181, at *5 (S.D.N.Y. Apr. 13,

---

[1] This Court already addressed this issue in a previous complaint filed by plaintiff, wherein this Court ruled that Younger abstention was appropriate. See Dunaway v. Cuomo, 10-cv-4695(BMC) (E.D.N.Y. Oct. 21, 2010).

[2] Plaintiff also names the "New York State Commission of Police" as a defendant. To the extent plaintiff was referring to a New York City agency, his claim against that agency is also dismissed.

3

2009) (dismissing the New York City Board of Corrections as a defendant because it is a non-suable entity). Thus, the complaint is dismissed as to the New York City agencies.

### B. Andrew Cuomo, Charles Hynes, and the Warden of OBCC

Plaintiff names Andrew Cuomo, the New York State Attorney General; Charles J Hynes, the District Attorney of Kings County; and the Warden of OBCC, as defendants.

"It is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." Farrell v. Burke, 449 F.3d 470, 484 (2d Cir. 2006) (citation omitted). Personal involvement of a supervisory official in a § 1983 violation may be shown by evidence that: (1) the official participated directly in the violation; (2) the official, after learning of the violation through a report or appeal, failed to remedy the wrong; (3) the official created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom; (4) the official was grossly negligent in supervising subordinates who caused the unlawful condition or event; or (5) the official exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts were occurring. See Back v. Hastings on Hudson Union Free School District, 365 F.3d 107, 127 (2d Cir. 2004). Liability under § 1983 cannot be generally imposed on a supervisor solely based on his position because there is no respondeat superior or vicarious liability under § 1983. See Blyden v. Mancusi, 186 F.3d 252, 264 (2d Cir. 1999). Rather, a plaintiff must "allege a tangible connection between the acts of a defendant and the injuries suffered." Bass v. Jackson, 790 F.2d 260, 263 (2d Cir. 1986).

Here, plaintiff simply names defendants Cuomo, Hynes, and the Warden in the caption of the complaint. He makes no factual allegations against these defendants, and the complaint fails

4

to allege any facts that would even suggest that these defendants had any direct involvement with, knowledge of, or responsibility for, plaintiff's alleged civil rights deprivations. Accordingly, plaintiff's claims against Cuomo, Hynes and the Warden are dismissed.

### C. New York State Division of Criminal Justice Services and the New York State Division of Parole

Aside from naming the New York State Division of Criminal Justice Services and the New York State Division of Parole as defendants in the caption of the complaint, the complaint fails to set forth any factual allegations against the two agencies.[3] Here, any potential claim is barred by the Eleventh Amendment. The Eleventh Amendment bars federal court claims against states, absent their consent to such suit or an express statutory waiver of immunity. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 66, 109 S. Ct. 2304 (1989). Thus, these claims are dismissed.

### D. New York State Court Officers

Plaintiff has also generally named "New York State Court Officers" as defendants, without identifying any specific officer by name or title. Nor has plaintiff alleged any facts against these unnamed court officers.[4] See Farrell, 449 F.3d at 484 (personal involvement of a defendant is a prerequisite to an award of damages under § 1983). Thus, plaintiff's claims

---

[3] Plaintiff also names the "New York State Commission of Police" as a defendant. To the extent plaintiff was referring to a New York State agency, his claim against that agency is also dismissed.

[4] Moreover, many court officers, such as court clerks and prosecutors, are entitled to immunity for acts performed in the scope of their position. See, e.g., McKnight v. Middleton, 699 F. Supp. 2d 507, 525 (E.D.N.Y. 2010) ("[A] clerk's acts that implement judicial decisions or that are performed at the direction or under the supervision of a judicial officer come under the ambit of judicial immunity."); Imbler v. Pachtman, 424 U.S. 409, 430, 96 S. Ct. 984 (1976) (noting that prosecutors enjoy absolute immunity from civil suits for acts committed within the scope of their official duties where the challenged activities are not investigative in nature, but rather are "intimately associated with the judicial phase of the criminal process"). Since plaintiff has not identified the officers or alleged facts connecting these officers to his claims, this Court is unable to determine whether the officers would be entitled to immunity.

against the unnamed New York State Court Officers are dismissed pursuant to 28 U.S.C. § 1915A(b).

### E. Kings County

In order to bring a § 1983 claim against a municipality, a plaintiff must establish both a violation of his constitutional rights and that the violation was motivated by a municipal custom, policy, or practice. See Monell v. Dep't of Social Servs., 436 U.S. 658, 98 S. Ct. 2018 (1978) (municipality can only be held liable for the unconstitutional acts of its employees where the employees acted pursuant to an official policy or custom that caused the plaintiff to be subjected to a denial of a constitutional right). Here, plaintiff fails to allege any facts that would be sufficient to establish municipal liability against Kings County and accordingly, his claim is dismissed.

## LEAVE TO AMEND

Plaintiff has failed to state a claim against any of the named defendants and accordingly, his complaint is dismissed. However, in light of plaintiff's *pro se* status, he is given leave to file an amended complaint within thirty days of the date of this order provided he can state facts pursuant to Fed. R. Civ. P. 8, giving notice to the defendants of the claims against them, and identify proper defendants, such as the individuals allegedly involved in the deprivation of his civil or constitutional rights. See Cruz v. Gomez, 202 F.3d 593, 596-98 (2d Cir. 2000). Plaintiff must provide the date and location of all relevant events. He must also identify, as best he can, the individuals who were personally involved in the events that he claims violated his rights. See Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994). If he is unable to identify the individuals involved by name, plaintiff may name "Doe" defendants. Plaintiff should provide a physical description of any John or Jane Doe defendant and the date, time, and location of the alleged

constitutional violation in which each John or Jane Doe defendant was involved.

## CONCLUSION

Plaintiff's complaint is dismissed for failure to state a claim and/or for seeking monetary damages against immune defendants pursuant to 28 U.S.C. § 1915A(b). Plaintiff is afforded thirty (30) days to file an amended complaint setting forth his § 1983 claims for false arrest and excessive force and identifying individuals personally involved in the alleged constitutional violations. Should plaintiff decide to file an amended complaint, it must be submitted within thirty days of this Order, be captioned "AMENDED COMPLAINT," and bear the same docket number as this Order. No summons will issue at this time and all further proceedings will be stayed for thirty days for plaintiff to comply with this Order. If plaintiff fails to comply with this Order within the time allowed or show good cause why he cannot comply, judgment shall enter. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917 (1962).

**SO ORDERED.**

_____
U.S.D.J.

Dated: Brooklyn, New York
       November 4, 2010